67   559|
e69   197|

GEORGE I. GRIFFITH v. M. J. MANNING.

**No. 13,577.**  ( 73 Pac. 75.)

SYLLABUS BY THE COURT.

1. OFFICE AND OFFICERS—*Election Amendment of 1902.* The amendment to the constitution regulating elections, adopted in 1902, refers only to the election of county and township officers, and the term " all officers," therein used, means all county and township officers.

2. ———— *Judge of City Court of Kansas City.* The office of judge of the city court of Kansas City is neither a county nor a township office, and hence the term of the incumbent thereof is not extended by virtue of said amendment.

Original proceeding in *quo warranto.*   Opinion filed July 10, 1903.   Judgment for plaintiff.

· *Nathan Cree*, for plaintiff.

*Carroll, Monahan & Warren*, and *J. A. Smith*, for defendant.

The opinion of the court was delivered by

CUNNINGHAM, J.: This is an original action in *quo warranto.*   The defendant was elected judge of the city court of Kansas City for the second district at the city election in April, 1901, for the term of two years, and until his successor should be duly elected and qualified.   The plaintiff was elected to the same office at the city election in April, 1903.   The defendant, being an officer whose successor was to be elected in an odd-numbered year under the law as it existed at the time of his election, claims the right to hold over by virtue of the terms of that portion of the amendment to the constitution adopted at the general election in November, 1902, which reads as follows:

''All officers whose successors would, under the law

as it existed at the time of their election, be elected in an odd-numbered year shall hold office for an additional year and until their successors are qualified."

The first inquiry is, Are there any limitations to be placed upon the words "all officers," or do they apply to every officer known to the law, municipal and school, as well as county and township? This amendment was submitted by the legislature and adopted by the people in pursuance of the plan of providing for general biennial elections. It takes the place of section 2, article 4, and eliminates sections 3 and 4 of article 9, of the constitution. By section 2, as it originally stood, general elections were to be held annually on the Tuesday succeeding the first Monday in November; township elections to be held as provided by law. At the time of the adoption of this amendment the law provided that township elections should be held at the same time that general elections were. Section 3 of article 9 provided for the length of term of county officers, limiting the same to two years, and section 4 limited the length of term of township officers to one year. The amendment adopted in 1902 covered all of these subjects in one section, and must be interpreted not only in the light of its own language but with reference to the language of the original sections of which it takes the place. It provides:

"General elections and township elections shall be held biennially on the Tuesday succeeding the first Monday in November in the years bearing even numbers. All county and township officers shall hold their offices for a term of two years and until their successors are qualified."

Then follows the portion above quoted. The only officers spoken of either in the original sections or in the new section are county and township officers.

The effort was, by the adoption of the amendment, to arrange a plan by which elections for those officers should come biennially, and to fit such plan into the then existing order of things as to those officers. City and school officers and their elections were not under contemplation. They had not been the subject of constitutional regulation and no constitutional amendment was needed or desired relative thereto. Such elections and officers remain unaffected by the amendment. We are clearly of the opinion that the term "all officers" refers only to county and township officers, and that they are the only ones whose terms of office are extended by the language of the adopted amendment.

Therefore, unless the office of the judge of the city court of Kansas City is either a county or township office, it is not affected by this amendment. There is no claim that it is a county office. That it is not a township office was decided by this court in *Chesney v. McClintock*, 61 Kan. 94, 58 Pac. 993. That was a case involving the law creating the city court of Topeka, which, in language, is identical with the act creating the city courts of Kansas City, so far as this point is concerned. It is true, the jurisdiction of the city court is the same as that of a justice of the peace, and its procedure is similar. Its judges, however, are elected at a city election by the voters of a limited area, less than a complete township. They receive a stated salary and not fees. They have a clerk, who is elected by the legal voters of the district.

Judgment will be entered for the plaintiff in accordance with the prayer of his petition.

All the Justices concurring.